

# THE ATTORNEY GENERAL
## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

September 19, 1952

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Camp Mabry
Austin, Texas                    Opinion No. V-1526

                                 Re: Legality of furnishing
                                     copies of accident re-
                                     ports filed pursuant to
                                     the Texas Motor Vehicle
                                     Safety-Responsibility
                                     Act to County and Dis-
                                     trict Attorneys handling
Dear Sir:                            appeals under the Act.

          You have requested of this office an opinion
concerning the authority of the Department of Public
Safety to disclose information contained in the accident
reports which drivers are required to submit under Section
4 of Article 6701h, Vernon's Civil Statutes, the Texas
Motor Vehicle Safety-Responsibility Act. Your request reads,
in part, as follows:

          ". . . This Department is receiving re-
     quests from the county and district attorneys
     for copies of the accident reports to assist
     in their preparation of the cases.

          "In view of the above request and in view
     of the provisions of Sections 4 and 11 of Art.
     6701h, V.C.S., Sections 39 and 42 of Art. 6687b,
     V.C.S., and Sections 44 and 49 of Art. 6701d,
     V.C.S., your opinion is respectfully requested
     of the following: Can the Department of Public
     Safety lawfully provide copies of accident re-
     ports submitted in compliance with Sec. 4 of
     Art. 6701h, V.C.S., to county and district at-
     torneys for their use in representing the Depart-
     ment in appeals pursuant to Sec. 2 of Art. 6701h,
     V.C.S.?"

          If the driver of a motor vehicle is involved in
an accident of sufficient gravity, Section 4 of Article
6701h, V.C.S., requires that he submit a report containing

information which will enable the Department of Public
Safety to determine whether he has complied with the re-
quirements of the Safety Responsibility Act. It is
further specified that any accident report submitted pur-
suant to the requirements of Section 44 of Article 6701d,
V.C.S., the Uniform Traffic Code, shall be deemed suffi-
cient if it contains the necessary information concerning
the financial responsibility of the driver.

Section 44 of Article 6701d reads as follows:

"Sec. 44. (a) The driver of a vehicle
involved in an accident resulting in injury to
or death of any person or total property damage
to an apparent extent of Twenty-five (\$25.00)
Dollars or more shall, within twenty-four (24)
hours after such accident, forward a written
report of such accident to the department.

"(b) The department may require any driver
of a vehicle involved in an accident of which re-
port must be made as provided in this Section to
file supplemental reports whenever the original
report is insufficient in the opinion of the de-
partment and may require witnesses of accidents
to render reports to the department.

"(c) Every law enforcement officer, who,
in the regular course of duty, investigates a
motor-vehicle accident of which report must be
made as required in this Section, either at the
time of and at the scene of the accident or
thereafter by interviewing participants or wit-
nesses shall, within twenty-four (24) hours after
completing such investigation, forward a written
report of such accident to the department."

Section 39 of Article 6687b, V.C.S., the drivers'
licensing law, contains substantially the same requirements.
It also provides that "reports required by this Section shall
be deemed privileged communications."

The accident reports that Articles 6687b and 6701d
require drivers to submit are for the confidential use of the
Department only. They may not be used as evidence in any
civil or criminal trial, and the Department may divulge the
information contained therein for only a few specific pur-
poses.

Article 6687b, Sec. 42, provides:

"All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the Department except that the Department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of such accident, except that the Department shall furnish upon request of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified report has or has not been received by the Department, solely to prove a compliance or failure to comply with the requirement that such report be made to the Department."

Article 6701d, Sec. 47, states:

"All accident reports made by persons involved in accidents, by garages, or peace officers shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other State agencies having use for the records for accident prevention purposes, except that the department may disclose the identity of a person involved in an accident when such identity is not otherwise known or when such person denies his presence at such accident."

The manifest reason for these requirements of secrecy is to insure the constitutional validity of the provisions that require drivers to submit reports of the accidents in which they were involved. Without these restrictions, the requirement of such a report from a driver might well be tantamount to compelling him to give evidence against himself, thus in violation of the familiar constitutional safeguards against compulsory self incrimination. Tex. Const. Art. I, Sec. 10. Thus it has been held by this office that the Department of Public Safety may not disclose the information contained in drivers' accident reports to district and county attorneys. However, it was also stated in that opinion that the Department may disclose to local prosecutors any other information

obtained from third persons or during the course of its own investigations. Att'y. Gen. Op. 0-4402 (1942). The information furnished by the driver himself may only be used to identify a person involved in an accident when his identity is not otherwise known or if he denies his presence at the accident. Art. 6687b, Sec. 42, V.C.S.; Art. 6701d, Sec. 47, V.C.S.

The accident reports submitted by drivers are primarily used as a source of information from which the Department of Public Safety may make intelligent statistical studies of the cause and prevention of accidents. The Department is required to tabulate and analyze the data contained in these reports and publish its own periodic traffic surveys for the use of various state and local law enforcement agencies. Art. 6687b, Sec. 40, 43, V.C.S.; Art. 6701d, Sec. 48, V.C.S.

Section 4 of Article 6701h, V.C.S., the Texas Motor Vehicle Safety-Responsibility Act, provides:

"The operator of every motor vehicle which is in any manner involved in an accident within this State, in which any person is killed or injured or in which damage to the property of any one (1) person, including himself, in excess of One Hundred Dollars ($100) is sustained, shall within ten (10) days after such accident report the matter in writing to the Department. Such report, the form of which shall be prescribed by the Department, shall contain information to enable the Department to determine whether the requirements for the deposit of security under Section 5 are inapplicable by reason of the existence of insurance or other exceptions specified in this Act. Any written report of accident in accordance with Article 6701d, Section 44, Texas Revised Statutes, if actually made to the Department, shall be sufficient provided it also contains the information required herein. The Department may rely upon the accuracy of the information unless and until it has reason to believe that the information is erroneous. If such operator be physically incapable of making such report, the owner of the motor vehicle involved in such accident shall, within ten (10) days after learning of the accident, make such report. The operator or the owner shall furnish such additional relevant information as the Department shall require."

It is apparent that the above quoted provision merely reiterates the requirements of Articles 6687b and 6701d with reference to the accident reports which must be submitted by drivers. Neither this nor any other provision of the Safety Responsibility Act removes any of the restrictions previously placed upon the Department's use of these reports. Section 11 of the Act prohibits their use in evidence in any civil trial. However, Article 6701h makes the additional requirement that the driver submit proof of his financial responsibility, and this information may be submitted as a part of the accident report required by the older statutes.

The report required by Section 4 of the Safety Responsibility Act is more than a mere contribution to the statistical files of the Department of Public Safety. It is the only source of information concerning the financial responsibility of the driver. Regarding the authority of the Department to disclose the contents of the accident report required by Section 4 of the Safety Responsibility Act, this office recently made the following statement in Attorney General's Opinion V-1440 (1952):

"We are unable to find anything in this act which would authorize the Department to furnish any more information contained in the accident report than you are authorized to reveal from the accident reports required by Articles 6687b and 6701d, V.C.S. However, the Department is authorized to advise the person requesting the information of the action taken by the Department, the type and amount of security filed, and any other matter in its possession by reason of a person's compliance with the provisions of this act."

In other words, the driver's accident report required by Articles 6687b and 6701d covers the nature and causes of the accident itself, and it may not be released to local prosecutors. But the financial responsibility report required by Article 6701h is the only source of information concerning the driver's compliance with this law. The Act would be impossible to enforce if the Department could not release this information to prosecuting attorneys handling appeals taken from the Department's actions. You are accordingly advised that the only information which may be released to prosecuting attorneys is that which relates directly to the driver's compliance with the Texas Motor Vehicle Safety-Responsibility Act. This includes the action taken by the Department, the

type and amount of security filed, and any other matters concerning the financial responsibility of the driver.

## SUMMARY

The Department of Public Safety may not furnish copies of the accident reports which drivers are required to submit by Section 4 of Article 6701h, V.C.S., the Texas Motor Vehicle Safety-Responsibility Act, to prosecuting attorneys handling appeals taken under the Act. It may, however, release information concerning the financial responsibility of the driver and other matters relating to the driver's compliance with the Safety-Responsibility Act.

APPROVED:

William S. Lott
State Affairs Division

E. Jacobson
Reviewing Assistant

Charles D. Mathews
First Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By *Calvin B. Garwood, Jr.*
Calvin B. Garwood, Jr.
Assistant

CBG/rt